**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-598-DCK**

| | |
|---|---|
| MARILYNNE MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment – Social Security" (Document No. 12) and Defendant's "Motion For Summary Judgment" (Document No. 13). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are now ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will order that "Plaintiff's Motion For Summary Judgment – Social Security" be denied; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for further consideration.

### I.    BACKGROUND

Plaintiff Marilynne Mills ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.  (Document No. 1).

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017.  The Clerk is directed to substitute Nancy A. Berryhill for Carolyn Colvin as Defendant in this matter.  See Fed. R. Civ. P. 25(d); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On or about July 22, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405; and on or about July 29, 2013, she also filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383. (Transcript of the Record of Proceedings ("Tr.") 15, 194-195, 196-201). Both applications allege an inability to work due to a disabling condition beginning June 1, 2013. Id. The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on January 8, 2014, and again after reconsideration on March 3, 2014. (Tr. 15, 128-140). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 134, 137).

Plaintiff filed a timely written request for a hearing on or about March 18, 2014. (Tr. 15, 141-142). On July 30, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Nicolas R. Foster (the "ALJ"). (Tr. 15, 31-55). In addition, Kathleen Sampeck, a vocational expert ("VE"), and Megan Dawson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on August 24, 2015, denying Plaintiff's claim. (Tr. 12-14, 15-26). On September 23, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 1, 2016. (Tr. 1-3, 10). The August 24, 2015 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 3, 2016. (Document No. 1). This matter was originally assigned to the Honorable Richard L. Voorhees, United States District Judge, on August 4, 2016. On November 2, 2016, the parties filed their "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 11), and this matter was then reassigned to Magistrate Judge David C. Keesler.

"Plaintiff's Motion For Summary Judgment – Social Security" (Document No. 12) and "Plaintiff's Memorandum Of Law In Support Of Motion For Summary Judgment" (Document No. 12-1) were filed December 5, 2016; and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 14) were filed January 31, 2017. Plaintiff has declined to file a response/reply in further support of her motion, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are now ripe for review and disposition.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 1, 2013, and the date of his decision.[2] (Tr. 15). To establish entitlement to benefits, Plaintiff has the burden of proving that

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 1, 2013, her alleged disability onset date. (Tr. 17). At the second step, the ALJ found that: degenerative disc disease, obesity, depression, anxiety, and bipolar disorder, were severe

impairments.³ Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 17-19).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the ability to perform light work activity, with the following limitations:

> occasionally climb, stoop, or crouch; she cannot reach overhead; she can have occasional contact with supervisors, coworkers, and the public; and she is limited to unskilled work (SVP of two or less).

(Tr. 19). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a pizza cook, retail manager, or retail salesperson. (Tr. 24-25). The ALJ notes that each of these positions required a SVP (specific vocational preparation) of three (3) or greater. (Tr. 24). However, as quoted above, Plaintiff's RFC limits her to "unskilled work (**SVP of two or less**)." (Tr. 19) (emphasis added).

At step five, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included housekeeper, router, or route clerk. (Tr. 26). Therefore, the ALJ concluded that Plaintiff

---

³ The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

was not under a "disability," as defined by the Social Security Act, at any time between June 1, 2013, and the date of his decision, August 24, 2015. (Tr. 26).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in evaluating the opinion of consulting psychologist, Dr. John Warren; (2) the ALJ failed to properly assess Plaintiff's mental RFC; and (3) the ALJ failed to conduct a proper Step 5 analysis. (Document No. 12, p.1; Document No. 12-1, p.4). The undersigned finds that Plaintiff's second assignment of error provides sufficient, and familiar, cause for remand.[4]

**Mental RFC Assessment**

In his second assignment of error, Plaintiff asserts that substantial evidence does not support the ALJ's RFC assessment. (Document No. 12-1, pp.6-8). Plaintiff notes that the ALJ found at step two of the sequential evaluation process that she suffers from depression, anxiety and bipolar disorder. (Document No. 12-1, p.7) (citing Tr. 17). In addition, Plaintiff cites the finding of consultative examiner Dr. Warren who determined "that Ms. Mills has marked limitations in her ability to perform at a consistent pace/level of effort to permit the timely and appropriate completion of tasks." Id. (citing Tr. 318). Plaintiff further notes that the ALJ concluded that she has moderate difficulties in concentration, persistence, or pace. Id. (citing Tr. 18). Plaintiff then correctly observes that the ALJ opined in his RFC finding that she "can have occasional contact with supervisors, coworkers, and the public; and she is limited to unskilled work (SVP two or less)." Id. (citing Tr. 19).

---

[4] The undersigned notes that Plaintiff's argument based on an inadequate mental RFC finding pursuant to Mascio is increasingly familiar to the Court, and consistently results in remand. The undersigned respectfully encourages counsel for both sides to confer regarding similar litigation to discuss the possibility of consent remands that may reduce further delay and expense in such cases.

Plaintiff argues that "these limitations provided by the ALJ do not properly account for Ms. Mills' difficulty with concentration, persistence, or pace." Id. (quoting Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) ("an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks **or unskilled work**.'") (emphasis added). Plaintiff concludes that "[b]ecause neither the ALJ's RFC nor his hypothetical to the VE addresses Plaintiff's ability to stay on task, remand is appropriate." (Document No. 12-1, p.8) (citations omitted).

In Mascio, the Fourth Circuit opined that "the ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. As this Court has previously noted, the Fourth Circuit ordered that the Mascio case be remanded, in part, "because it found that moderate limitations in concentration, persistence, and pace are not adequately accommodated for in the RFC by only limiting the claimant to 'simple, routine tasks or unskilled work.'" Burnham v. Colvin, 1:15-CV-226-FDW, 2016 WL 3456934, at *2 (W.D.N.C. June 21, 2016) (citing Mascio, 780 F.3d at 638).

In response, Defendant contends that the ALJ correctly formulated Plaintiff's Mental RFC. (Document No. 14, pp.7-9). Defendant first argues that Mascio is not applicable here because the Fourth Circuit in Mascio found the RFC analysis "deficient 'on the facts of this case.'" (Document No. 14, p.7) (quoting Mascio, 780 F.3d at 636). Defendant suggests that the facts of this case are different than Mascio; that here, "there was not such unaddressed or conflicting evidence about Plaintiff's mental functioning" and therefore this case should not be "automatically remanded." (Document No. 14, p.8). Notably, Defendant does not cite any caselaw interpreting Mascio, or

8

any other caselaw, to support her argument that Mascio is not applicable to this case. (Document No. 14, pp.7-9).

In addition, Defendant contends that the ALJ explained that Plaintiff's difficulties in concentration were due to medication and other conditions, and that because she can knit and watch TV, she is able to maintain the focus necessary to perform unskilled work. (Document No. 14, p.8) (citing Tr. 18).

The undersigned has reviewed those parts of the decision cited by Defendant, but is not convinced that the ALJ adequately explained his determination, or otherwise addressed Plaintiff's ability to stay on task. Contrary to Defendant's conclusion, the undersigned is not persuaded that the ALJ determined Plaintiff could perform unskilled work because she was able to watch TV and knit. See (Tr. 18). Rather, the ALJ stated "she was able to focus for at least some period of time." Id. Moreover, the ALJ stated that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." While the ALJ did note that "claimant indicated some issues due to medication," it is far from clear that the ALJ found that medication caused Plaintiff's difficulties with concentration, persistence or pace, and the ALJ offered no such conclusion. Id.

The ALJ did later opine that Plaintiff's "mental impairments seemed to be well controlled with medication," but he was also clear that Plaintiff still had moderate limitations with concentration, persistence and/or pace. See (Tr. 18) and (Tr. 23) (citing Tr. 420-436). The ALJ also acknowledged that as of January 2015, Plaintiff stated that her "bipolar illness is bad recently." See (Tr. 23, 422). A medical report from September 25, 2014 had noted that Plaintiff felt stable on present meds, but couldn't get appointment with psychiatrist; and diagnosed her with bipolar illness and anxiety. (Tr. 426-427).

The ALJ gave "some weight to the opinion of consultative examiner, Dr. Warren," which was "based on a face-to-face evaluation" of Plaintiff and was "generally consistent with the medical evidence." (Tr. 23) (citing Tr. 311-320). In her first assignment of error Plaintiff describes Dr. Warren's diagnosis as follows:

> Dr. Warren diagnosed major depressive disorder, recurrent, severe with psychotic features; anxiety disorder NOS; alcohol dependence and child sexual abuse and was assigned a current GAF of 45. (Tr. 317) Dr. Warren opined that Ms. Mills has marked limitations in ability to perform at a consistent pace/level of effort to permit timely and appropriate completion of tasks; to interact independently, appropriately, effectively, and on a sustained basis and in her ability to tolerate typical levels of stress. (Tr. 318)
>
> The ALJ afforded "some weight" to the opinion of Dr. Warren on the ground that Ms. Mills' symptoms seemed to have improved considerably since the examination and her mental impairments seemed well-controlled with medication. (Tr. 23) But the ALJ failed to note that having an improved condition does not mean that the claimant does not have disabling symptoms or resultant limitations. *See Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000) ("The relevant inquiry with regard to a disability determination is whether the claimant's condition prevents him from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A). For a person, such as Morales, who suffers from an affective or personality disorder marked by anxiety, the work environment is completely different from home or a mental health clinic. Dr. Erro's observations that Morales is 'stable and well controlled with medication' during treatment does not support the medical conclusion that Morales can return to work.").
>
> Dr. Warren opined that Ms. Mills has marked limitations in ability to perform at a consistent pace/level of effort to permit the timely and appropriate completion of tasks; to interact independently, appropriately, effectively, and on a sustained basis and in her ability to tolerate typical levels of stress. (Tr. 318) These findings document that Ms. Mills cannot perform the mental demands of unskilled work and is disabled.

(Document No. 12-1, pp.4-5).

Defendant asserts that the ALJ correctly noted that Dr. Warren's mental status examination of Plaintiff was mostly normal, and that the State agency psychological consultant, W.W. Albertson, Ed.D., who also gave Warren's opinion some weight, concluded that Warren overstated Plaintiff's limitations. (Document No. 14, p.7) (citing Tr. 20, 105-111). The undersigned observes that the same record also indicates that Albertson agreed with the initial assessment of Plaintiff by Warren. (Tr. 111). Moreover, Albertson affirmed that Plaintiff's affective disorders, anxiety disorders, and alcohol, substance disorders were severe impairments, and that her difficulties with maintaining concentration, persistence or pace were "moderate." (Tr. 110). Albertson did not elaborate on what limitations were purportedly overstated by Warren. (Tr. 111).

Neither the ALJ, nor Defendant, have discussed Plaintiff's limitations with persistence, pace, or staying on task. As noted above, Dr. Warren held that Plaintiff had "marked limitations in ability to perform at a consistent pace/level of effort to permit timely and appropriate completion of tasks." (Tr. 111, 318). Neither Albertson, nor the ALJ, explain their apparent determination that Plaintiff's limitations with staying on task and performing at a consistent pace should be reduced from "marked" to "moderate." See (Tr. 18-23, 111, 318). Perhaps the ALJ decided that Plaintiff's medications reduced the severity of her limitations, but he does not expressly indicate such a finding in his decision. See (Tr. 23).

Most importantly, the ALJ does not account for even moderate limitations in concentration, persistence, and/or pace in his RFC finding. Pursuant to Mascio, the limitation to "unskilled work," without more explanation, is not adequate. "[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. In short, the undersigned finds Plaintiff's position on this issue to be compelling. (Document No. 12-1). The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates

meaningful review. Like Mascio, "because the ALJ here gave no explanation, a remand is in order." Mascio, 780 F.3d at 638.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); and Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017).

## IV. CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. As such, this matter will be remanded. On remand, an ALJ shall review each of Plaintiff's alleged errors and give proper attention to any limitations in concentration, persistence and/or pace, in accordance with Mascio.

**IT IS, THEREFORE, ORDERED** that: "Plaintiff's Motion For Summary Judgment – Social Security" (Document No. 12) is **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 13) is **DENIED**; and the Commissioner's determination is **VACATED** and this matter is **REMANDED** for further consideration, as directed herein.

**SO ORDERED**.

Signed: April 27, 2017

David C. Keesler
United States Magistrate Judge